IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEFFREY S. RAPP,<br><br>               Plaintiff,<br><br>vs.<br><br>HAMPTON MANAGEMENT LLC,<br><br>               Defendant. | CV 18-16-BU-BMM-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

Before the court is Hampton Inns Management LLC's ("Hampton Inns") Fed. R. Civ. P. 12(b)(6) motion to dismiss Plaintiff Jeffrey Rapp's complaint. Also before the Court are Rapp's two pleadings filed as a "Demand for Summary Judgment", and a "Motion to Compell [sic] Truthful Answers Participate in Mediation."

For the reasons discussed, the Court recommends Hampton Inns' motion to dismiss be granted in part, and denied in part. And Rapp's motions are subject to denial.

**I. Background**

Rapp commenced this action with his complaint filed in the Montana Eighteenth Judicial District Court, Gallatin County. Hampton Inns removed the case to this Court based upon the Court's diversity of citizenship jurisdiction provided at 28 U.S.C. § 1332.

1

Rapp worked for Hampton Inns when its General Manager, Doris Fleming, began making statements to Hampton Inns about Rapp which he asserts were false. Fleming accused Rapp of (1) engaging in inappropriate conduct with a young female co-worker, (2) being an incompetent employee for failing to install batteries in smoke detectors, and (3) fraudulently reporting his work hours. Hampton Inns' Human Resource Manager, Robert Blom, repeated the statements to the Montana Department of Labor, in workers' compensation matters, and to Hampton Inns' attorneys. Rapp also alleges "Defendant[, through Fleming,] spread it all over town that Rapp was a pervert, [a] thief, and derelict/incompetent in his duties[.]" (Doc. 9 at 4.) Rapp asserts the defamatory statements damaged his reputation, and that he is entitled to an award of compensatory damages.

## II Applicable Law

### A. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal where the allegations of a pleading "fail[] to state a claim upon which relief can be granted." A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) either when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996). In addressing a Rule 12(b)(6) challenge the Court accepts all factual allegations in the

complaint as true (*Hospital Bldg. Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740 (1976)), and construes the pleading in the light most favorable to the nonmoving party. *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).

The Court's standard of review under Rule 12(b)(6) is informed by Fed. R. Civ. P. 8(a)(2) which requires that a pleading "must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (quoting Rule 8). Although Rule 8(a)(2) does not require "detailed factual allegations", a plaintiff must set forth more than bare allegations that the defendant unlawfully harmed the plaintiff. *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

### B. Application of Montana Law

Because jurisdiction over this action is founded upon diversity of citizenship, the Court applies the substantive law of Montana, the forum state. *Medical Laboratory Mgmt. Consultants v. American Broadcasting Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002).

**III. Discussion**

    **A. Hampton Inns' Motion to Dismiss**

Under Montana law, defamation occurs through either libel or slander. Mont. Code Ann. § 27-1-801. "Slanderous words are spoken words, whereas libelous words are written." *Tindall v. Konitz Contracting, Inc.*, 783 P.2d 1376, 1382 (Mont. 1989). In general, liability for libel and slander can arise from a false and unprivileged publication or statement made about a person which causes harm to that person. Mont. Code Ann. §§ 27-1-802 and 803. Specifically,

> [l]ibel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation.

Mont. Code Ann. § 27-1-802. And "[s]lander is a false and unprivileged publication other than libel that: […] (3) tends directly to injure a person in respect to the person's office, profession, trade, or business, either by imputing to the person general disqualification in those respects that the office or other occupation peculiarly requires or by imputing something with reference to the person's office, profession, trade, or business that has a natural tendency to lessen its profit[.]" Mont. Code. Ann. § 27-1-803(3).

The statutes defining libel or slander establish a three-part requirement for the claim. "[F]irst, the publication must be false; second, the publication must not be privileged; and third, the publication must be defamatory, in that it exposes the

person to 'hatred, contempt, ridicule, or obloquy,' or causes 'a person to be shunned or avoided,' or has a tendency to injure the person in his or her occupation." *Lee v. Traxler*, 384 P.3d 82, 86 (Mont. 2016).

As noted in the elements of the claim, defamation occurs only with respect to "unprivileged" publications or statements. *McLeod v. State*, 206 P.3d 956, 960 (Mont. 2009). Privileged publications are defined in Mont. Code Ann. § 27-1-804.

Hampton Inns argues Rapp's pleading relies upon privileged statements in his defamation claims. According to Hampton Inns, Rapp alleges Fleming made the alleged defamatory statements to "Defendant", Hampton Inns, which makes the statements privileged intracompany communications. And it argues Robert Blom's statements to the Department of Labor, workers' compensation officials, and "their attorneys[,]" are also privileged statements. (Doc. 9 at 4.)

With respect to Blom's statements he made to Department of Labor and workers' compensation officials, Montana law establishes that a statement or publication is privileged if it is made "in any legislative or judicial proceeding or in any other official proceeding authorized by law[.]" Mont. Code Ann. § 27-1-804(2). Therefore, under section 27-1-804(2) statements made to Department of Labor or workers compensation officials are privileged statements and cannot form the basis of a defamation claim. *Berg v. TXJ Companies*, 2013 WL 3242472, *9 (D. Mont. 2013). *See also McLeod v. State*, 206 P.3d 956, 961 (Mont. 2009). Thus,

5

Rapp's defamation claims predicated upon Blom's statements to the Department of Labor and workers' compensation officials are subject to dismissal.

Hampton Inns further argues Fleming's statements she made to Hampton Inns, and Blom's statements to Hampton Inns' attorneys are privileged intracompany communications. Montana law provides that a privileged publication includes statements made "in a communication without malice to a person interested therein by one who is also interested or by one who stands in such relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent or who is requested by the person interested to give the information[.]" Mont. Code Ann. § 27-1-804(3). This privilege protects communications between an employer and its employees, so long as the communication is made without malice. *Berg v. TXJ Companies*, 2013 WL 3242472, *8 (D. Mont. 2013).

Although Fleming's statements to Hampton Inns, and Blom's statements to Hampton Inns' attorneys would otherwise constitute privileged intracompany communications, the privilege is qualified by the requirement that the statements be made "without malice." But Hampton Inns does not argue that Rapp's allegations establish that Fleming and Blom acted without malice.

With respect to privileged communications, malice refers to "reckless disregard for the truth, [or] knowledge that the matter is false[.]" *Hale v. City of*

6

*Billings*, 986 P.2d 413, 421 (Mont. 1999). Here, Rapp alleges the subject communications were "malicious, intentional lies[.]" (Doc. 9 at 4.) And Rapp asserts Fleming made the false statements about him allegedly to divert attention away from Fleming's own embezzlement and fraud she committed against Hampton Inns. (*Id*.) Finally, Rapp alleges Fleming and Blom knew the statements "were completely untrue." (Doc. 9 at 4.) Therefore, the Court finds Rapp's allegations at least plausibly suggest that Fleming and Blom made the intracompany communications with malice which, if true, would render inapplicable the privilege set forth in Mont. Code Ann. § 27-1-804(3). Hampton Inns' motion to dismiss should be denied in this respect.

Finally, Hampton Inns contends Rapp's pleading contains a separate vague and unspecified allegation of defamation which is deficient. Rapp alleges Hampton Inns, through Fleming, "spread it all over town that [he] was […a] thief[.]" (Doc. 9 at 4.) Hampton Inns complains this allegation lacks sufficient factual content to plausibly state a claim.

But the Court finds Rapp's allegation contains sufficient factual specificity. If Fleming told member of the community that Rapp "was a thief", such a statement accuses Rapp of a crime and, thus, qualifies as slander under Mont. Code. Ann. § 27-1-803(1). *See Keller v. Safeway Stores, Inc.*, 108 P.2d 605, 609 (Mont. 1940) (concluding that statements accusing a person of committing a crime

constitute slander per se). Rapp's allegations suggest Fleming accused him of fraudulently reporting his work hours, thereby allegedly stealing money from Hampton Inns like a "thief". And it is at least plausible that Fleming could have reported this information to members of the community around town as Rapp alleges. Therefore, the Court finds Rapp's allegations at least state a claim for slander, and Hampton Inns' motion should be denied in this respect.

### B. Rapp's Motion for Summary Judgment

Rapp requests the Court grant summary judgment in his favor on his claims advanced in his Complaint. He perceives that Hampton Inns has failed or refused to properly defend against, and truthfully answer his accusations against it. He believes Hampton Inns has fraudulently deceived the Montana Department of Labor and workers' compensation officials to deprive him of his rights. He contends Hampton Inns unjustly claims ignorance to all of his assertions and, therefore, his allegations should be deemed well-taken which entitles him to summary judgment.

To obtain summary judgment as provided in Federal Rule of Civil Procedure 56(a) a party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As the Plaintiff in this action Rapp bears the burden of persuasion at trial, and on summary judgment he bears the "initial burden of establishing the absence of a genuine issue of fact on

each issue material to [his] case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). To do so he must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). And Rapp is obligated to file a statement of undisputed facts in support of his motion for summary judgment which provides the specific citations to the evidentiary material contained within the record which supports each of his assertions of fact. L.R. 56.1(a)(2).

The Court finds Rapp has failed to support his summary judgment motion with any facts and evidentiary materials in the record of this case as required. And he has failed to establish that any set of facts entitle him to summary judgment as a matter of law – he does not cite to legal principles or theories which support his theory of liability and warrant the imposition of summary judgment. When a party fails to meet his burden to establish he is entitled to summary judgment under the requirements of Rule 56, the motion must be denied. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

### C. Rapp's Motion to Compel

Rapp perceives that Hampton Inns and its counsel have acted immorally, unethically, and untruthfully in this litigation. He asserts they fraudulently

9

provided false information to the Montana Department of Labor to Rapp's detriment, and that they have refused to seek the truth from witnesses in this case. In substance, Rapp moves the Court for an order requiring Hampton Inns and its counsel to act appropriately. But he does not cite to any legal authority in support of his motion.

Rapp's accusations of misconduct are vague as he does not provide specific factual descriptions of alleged misconduct. With respect to conduct in this litigation, all parties are already subject to Fed. R. Civ. P. 11 which requires counsel and unrepresented litigants to advance pleadings and theories in good faith, for a proper purpose, and with support from law and facts reasonably believed to exist. Rule 11(b). But without specific details of any actual misconduct supported by evidence, the Court will presume all parties are complying with Rule 11 and all other applicable rules of ethical conduct. Thus, there is no need for the Court to issue an order imposing compliance with rules to which all parties are already subject. Rapp's motion is denied as unnecessary.

## III. Conclusion

Based on the forgoing, IT IS RECOMMENDED that Hampton Inns' motion to dismiss be GRANTED with respect to Rapp's allegations of defamation predicated upon Hampton Inns' statements, through Blom, made to the Montana Department of Labor and workers' compensation officials, and those claims of

defamation should be dismissed. But Hampton Inns' motion should be DENIED in all further respects.

IT IS FURTHER RECOMMENDED that Rapp's motion for summary judgment be DENIED.

Finally, IT IS ORDERED that Rapp's motion to compel is DENIED as unsupported and unnecessary.

DATED this 24th day of July, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge