IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEFFREY S. RAPP,<br><br>                    Plaintiff,<br><br>vs.<br><br>HAMPTON MANAGEMENT LLC,<br><br>                    Defendant. | CV 18-16-BU-BMM-JCL<br><br><br>ORDER, and FINDINGS AND<br>RECOMMENDATION |

This matter comes before the Court on the following motions filed by pro se Plaintiff Jeffrey Rapp: (1) "Motion to Compell One Awnser Supplimental Motion for Summary Judgment" (doc. 36); (2) "Motion for Summary Judgment" (doc. 43); and (3) "Motion to Compell Authors of Slander to Participate in Joint Depositions" (doc. 44). Because they are procedurally and substantively flawed, Plaintiff's motions are properly denied.

I.     **Background**

In January 2018, Plaintiff filed a complaint in state court against his former employer, Defendant Hampton Inns Management LLC, alleging claims for slander, libel, and defamation. Plaintiff alleges that Defendant falsely accused him of misconduct and fraudulently provided false information to the Montana Department of Labor. Plaintiff further claims that Defendant spread false rumors about him in the community, and refused to seek the truth from several available

witnesses. (Doc. 9).

In February 2018, Defendant removed the case to this Court based on diversity jurisdiction. Approximately two months later, Plaintiff filed the first in what has become a series of summary judgment motions. (Doc. 15). The Court denied the motion for failure to comply with Federal Rule of Civil Procedure 56, and because Plaintiff had not established that there were no genuine issues of material fact and that he was entitled to judgment as a matter of law. (Docs. 23, 31). Within days of the Court's initial recommendation, Plaintiff filed a second, unsupported motion for summary judgment which was denied for the same reasons. (Docs. 35, 39). Since then, Plaintiff has filed two more motions for summary judgment and two motions to compel (docs. 36, 43, 44), all of which are without merit for reasons set forth below.

## II.    <u>Summary Judgment</u>

In Plaintiff's first motion, titled "Motion to Compell One Awnser Supplimental Motion for Summary Judgment," Plaintiff asks the Court to "[c]ompel Defendant to provide the court with just one truthful answer," or, in the alternative, (2) "grant Plaintiff with at least a partial summary judgment so richly and [j]ustly deserved." (doc. 36, at 1). Plaintiff argues he is entitled to summary judgment because "there is truly no reasonable defense to Defendants morally Reprehensible and ethically void conduct to corrupt and obstruct the justice

system." (Doc. 36, at 1). Plaintiff claims he has clearly established that there are no genuine issues of material fact and seeks judgment as a matter law in the amount of $1,666.666.66, which he describes as "a remarkably demonic number Representing; very demonic actions on the part of the Defendant and counsel." (Doc. 36, at 2). In support of his motion, Plaintiff filed a one-page document titled "Statement of Indisputable Fact" in which he makes several mostly incomprehensible allegations against Defendant without citing to any evidentiary materials. (Doc. 37).

Plaintiff's second motion seeks summary judgment on the ground that Defendant has refused to participate in "joint polygraph examinations," refused to make certain individuals available for depositions, and provided false affidavits to the Montana Department of Labor. (Doc. 43).

To obtain summary judgment as provided in Federal Rule of Civil Procedure 56(a) a party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." As the party with the burden of persuasion at trial, Plaintiff bears the initial burden on summary judgment "of establishing the absence of a genuine issue of fact on each issue material to [his] case." *C.A.R. Transportation Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). To meet this burden, Plaintiff must cite "to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). In addition, under Local Rule 56.1, a party seeking summary judgment must file a statement of undisputed facts that sets forth "each fact on which the party relies to support the motion" and cites "to a specific pleading, deposition, answer to interrogatory, admission or affidavit before the court to support each fact." L.R. 56.1(a)(1)(2).

Even construing Plaintiff's pleadings liberally and giving him the benefit of any doubt, Plaintiff has not satisfied any of these requirements. Plaintiff has not supported either of his summary judgment motions with any evidentiary materials or citations to the record. Plaintiff has not clearly identified the alleged facts on which his summary judgment motions are premised, much less established that there are no genuine issues of material fact. Nor does Plaintiff articulate any legal theories or principles that might even arguably entitle him to judgment as a matter of law. Because Plaintiff has not met the requirements for summary judgment under Rule 56, his motions for summary judgment should be denied.

## III.   Motions to Compel

In Plaintiff's "Motion to Compell One Awnser Supplimental Motion for Summary Judgment," he moves the Court to "[c]ompel Defendant to provide the

court with just one truthful answer." (Doc. 36). Plaintiff accuses Defendant of knowingly allowing several individuals to provide false statements, and asks the Court to order "Defendant to respond to one simple question as the Records from the Montana Department have been requested and will provide a Very detailed answer to this one simple question? IE: Criminal intent." (Doc. 36, at 3.).

Plaintiff has also filed a "Motion to Compel Authors of Slander to Participate in Joint Depositions." (Doc. 44). Plaintiff states that he "has properly set joint depositions with Doris Fleming which she refused to Attend and Plaintiff testified under oath despite her refusal." (Doc. 44, at 1). Accordingly, Plaintiff "seeks a motion to compel Defendants witnesses to appear For depositions." (Doc. 44, at 2).

Under Federal Rule of Civil Procedure 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer" with the party from whom the discovery is sought "in an effort to obtain it without court action." In addition, District of Montana Local Rule 26.3(c)(1) states that "[t]he court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed." Rule L.R. 26.3(c)(1).

Here, Plaintiff claims in a separately filed "Statement of Indisputable Fact" that he attempted to confer with defense counsel on July 20, 2018 and July 31, 2018, by "leaving messages both Times in an attempt to discuss Plaintiff's motion

for supplemental summary judgment" but that defense counsel did not respond to his calls. (Doc. 37, at 1). But as Local Rule 26.3(c)(1) makes clear, "[t]he mere sending of a written, electronic, or voicemail communication does not satisfy" the meet and confer requirement. Regardless, Plaintiff does not claim to have made any attempt to meet and confer with defense counsel regarding the subject matter of his motions to compel. Thus, Plaintiff's motions to compel are properly denied based on his failure to satisfy the meet and confer requirements of the federal and local rules governing discovery.

Even if he had satisfied these requirements, Plaintiff's motions to compel must be denied because there is no indication that he ever issued a proper discovery request. All motions to compel discovery must attach, as an exhibit, "the full text of the discovery sought" and "the full text of the response." L.R. 26.3(c)(2)(C)(i),(ii). Plaintiff has not provided these exhibits, and there is nothing in the record indicating that Plaintiff has served Defendant with any requests for admission during the discovery process.

In fact, the only document that might be considered a discovery request by Plaintiff has been submitted by Defendant in response to Plaintiff's motions to compel. (Doc. 38-1). Plaintiff mailed a document titled "Interrogatories of Doris Fleming, Marie Pratt, Chrissy Harding, and Robert Blom" that contains several questions directed to these individuals – none of whom is a party to the case. (Doc.

38-1). Under Federal Rule of Civil Procedure 33, interrogatories may not be issued to non-parties. Because there is no indication that Plaintiff has properly sought discovery from any non-party, and no evidence that he has served Defendant with any proper discovery requests, his motions to compel are properly denied on this basis as well.

## IV.    Conclusion

For the reasons set forth above,

IT IS ORDERED that Plaintiff's motions to compel (docs. 36 and 44) are DENIED.

IT IS FURTHER RECOMMENDED that Plaintiff's motions for summary judgment (docs. 36 and 43) be DENIED.

DATED this 16th day of October, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge