IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEFFREY S. RAPP,<br><br>             Plaintiff,<br><br>vs.<br><br>HAMPTON MANAGEMENT LLC,<br><br>             Defendant. | CV 18-16-BU-BMM-JCL<br><br>ORDER |

Defendant Hampton Inns Management LLC has filed a motion pursuant to Federal Rule of Civil Procedure 37 to compel pro se Plaintiff Jeffrey Rapp to provide complete responses to its first set of discovery requests and thereafter appear for his deposition.[1]

I. **Background**

On August 29, 2018, Defendant served Plaintiff with its first set of discovery requests, consisting of 18 interrogatories and 21 requests for production. (Doc. 46-1). On or about September 24, 2018, Plaintiff responded with a document titled "Plaintiff's Objections to Defendant's First Set of Discovery Requests to Plaintiff." (Doc. 46-2). Plaintiff provided the same objection to all of Defendant's discovery

---

[1] Defendant filed its motion on October 12, 2018. Under Local Rule 7.1(d)(B)(ii), Plaintiff had 14 days within which to file a response. That 14 day period has passed, and as of the date of this Order Plaintiff has not responded to Defendant's motion.

1

requests: "Objection as irrelevant and inappropriate, as Defendant Has yet too honestly and truthfully defend, or answered the complaint." (Doc. 46-2).

Defendant represents to the Court that it conferred with Plaintiff on or about September 18, 2018, to set a date for his deposition, and the parties agreed the deposition would be taken on October 8, 2018, in Bozeman, Montana. (Doc. 46, at 2). Defendant issued Plaintiff a Notice of Deposition reflecting the agreed upon date and location for the deposition. (Doc. 46-3). According to Defendant, it was later informed by Plaintiff that he would not appear for his deposition unless Defendant first produced Robert Blom and Doris Flemming for depositions. Defendant explains that in response, it advised Plaintiff he would need to comply with the requirements of the Federal Rules of Civil Procedure with respect to properly noticing and conducting the two depositions. (Doc. 46, at 2-3).

Defendant further represents to the Court that on October 2, 2018, counsel told Plaintiff during a telephone conversation that Defendant was hoping to address his deficient discovery responses and deposition without involving the Court. (Doc. 46, at 3). When asked by Defense counsel whether he intended to supplement his discovery responses and appear for his deposition, Plaintiff stated that his discovery responses were already complete and reiterated that he would not appear for his deposition unless Blom and Flemming did so first. (Doc. 46, at 3). On October 12, 2018, Defendant filed this Rule 37(a) motion to compel

Plaintiff to provide complete discovery responses and appear for his deposition.

**II.    Discussion**

"Generally, litigants in a civil action are entitled to discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Brewer v. BNSF Railway Co.*, 2018 WL 1756432 *1 (D. Mont. Jan. 11, 2018) (quoting Fed. R. Civ. P. 26(b)(1)). Thus, "if properly requested, the information must be provided." *Carlson v. Fedex Ground Package System, Inc.*, 2012 WL 4760889 *1 (D. Mont. Sept. 12, 2012). "Rule 37 of the Federal Rules of Civil Procedure provides a mechanism by which a party seeking discovery may request an order compelling the opposing party to fulfill its discovery obligations." *Carlson*, 2012 WL 4760889 *1. If a party fails to respond to interrogatories or requests for production, the party seeking discovery may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B); *Carlson*, 2012 WL 4760889 *1. "[A]n evasive or incomplete disclosure, answer, or response" to a discovery request "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The party resisting discovery bears the burden of showing why the discovery should not be allowed. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

Under Rule 37(a)(1), a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer" with the party from

whom the discovery is sought "in an effort to obtain it without court action." In addition, District of Montana Local Rule 26.3(c)(1) states that "[t]he court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed." L.R. 26.3(c)(1). Local Rule 26.3 specifies that all motions to compel discovery must set forth the basis for the motion, certify that the parties have conferred concerning all disputed issues, and attach as an exhibit the full text of the discovery sought and the full text of the response. L.R. 26.3(c)(2)(A)-(C).

Defendant's motion to compel satisfies all of these requirements. Defendant sets forth the basis for its motion and has attached as an exhibit to its motion the full text of its first set of discovery requests, thereby demonstrating that it properly requested discoverable information from Plaintiff. (Doc. 46-1). Defendant has also attached the full text of Plaintiff's responses, which are at best insufficient, and at worst evasive. (Doc. 46-2). In addition, Defendant has provided the requisite certification showing that it attempted to confer with Plaintiff to resolve the disputed discovery issues before filing its motion to compel. (Doc. 46, at 3). Accordingly, Defendant is entitled to an order compelling Plaintiff to provide complete responses to its first set of discovery requests.

Depositions are an authorized method of obtaining discovery under the Federal Rules of Civil Procedure. Under Rule 30(a)(1), a party "may depose any

person, including a party, without leave of court except as provided in Rule 30(a)(2). None of the exceptions set forth in Rule 30(a)(2) applies here, which means that Defendant was entitled to take Plaintiff's deposition without first obtaining a court order. Defendant properly noticed Plaintiff's deposition, and if Plaintiff wanted to be excused from appearing his remedy was to file a motion for a protective order under Fed. R. Civ. P. 26(c). Instead, Plaintiff simply advised Defendant that he would not attend his deposition. Accordingly, Defendant is entitled to an order compelling Plaintiff to appear for his deposition after he supplements his response to Defendant's first set of discovery requests.

**IV.** **Conclusion**

For the reasons set forth above,

IT IS ORDERED that Defendant's motion to compel (doc. 46) is GRANTED. Plaintiff shall provide complete responses to Defendant's first set of discovery requests on or before November 16, 2018, and after being served with proper notice, shall appear for his deposition. Plaintiff is advised that if he fails to appear at his deposition this action will be recommended for dismissal as a sanction under Fed. R. Civ. P. 37.

DATED this 2nd day of November, 2018.

_____
Jeremiah C. Lynch
United States Magistrate Judge