IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JEFFREY S. RAPP, | CV 18-16-BU-BMM-JCL |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| HAMPTON MANAGEMENT LLC, | |
| Defendant. | |

Before the Court is Defendant Hampton Inns Management, LLC's ("Hampton Inns") motion to dismiss this case due to Plaintiff Jeffrey Rapp's failure to comply with the Court's Order entered November 2, 2018, requiring him to produce discovery responses and appear for his deposition. Rapp, appearing pro se in this action, has not filed a brief in response to the motion as required by L.R. 7.1(d)(1)(B)(i). For the reasons discussed, the Court deems it appropriate to recommend this action be dismissed.

I.     **Background**

In January 2018, Rapp commenced this action against his former employer, Hampton Inns, alleging claims for slander, libel, and defamation. Rapp alleges that Hampton Inns falsely accused him of misconduct and fraudulently provided false information to the Montana Department of Labor. Rapp further claims that Hampton Inns spread false rumors about him in the community, and refused to

seek the truth from several available witnesses.

On October 12, 2018, Hampton Inns filed a motion pursuant to Fed. R. Civ. P. 37(a)(3) requesting the Court compel Rapp to provide responses to its discovery requests, and to appear for his deposition. By Order entered November 2, 2018, the Court granted the motion to compel, required Rapp to provide his discovery responses by November 16, 2018, and ordered him to appear for his deposition upon proper notice of the deposition provided by Hampton Inns. The Court cautioned Rapp that "if he fails to appear at his deposition this action will be recommended for dismissal as a sanction under Fed. R. Civ. P. 37." (Doc. 50 at 5.)

On December 11, 2018, Hampton Inns filed its motion to dismiss. In support of its motion it states that Rapp did not provide responses to its discovery requests as ordered by the Court, and that Rapp refused to cooperate with it in scheduling his deposition. Hampton Inns' motion provides details explaining its efforts to coordinate with Rapp in setting a date for his deposition, but that ultimately Rapp refused its efforts to schedule his deposition. Therefore, Hampton Inns moves for an order dismissing this action under authority of Fed. R. Civ. P. 37(b)(2)(A)(v).

## II.   **Discussion**

Rule 37 permits the Court to dismiss an action where a party fails to comply with an order issued pursuant to Rule 37 compelling the party to produce discovery responses. Fed. R. Civ. P. 37(b)(2)(A)(v). Hampton Inn represents in its brief that

2

Rapp did not produce his discovery responses as required by the Court's November 2, 2018 Order issued under Rule 37. Therefore, Rapp's non-compliance in that regard provides grounds for a sanction.

Additionally, the Court has authority to dismiss an action where a party fails to appear for his or her deposition. Fed. R. Civ. P. 37(d)(1)(A)(i) and (d)(3). But Rule 37(d)(1)(A)(i) requires, as a condition precedent to the imposition of sanctions, that sanctions can only be imposed for failure to appear at a deposition "after being served with proper notice" of the deposition.

Here, significantly, Hampton Inn has not established that it provided proper notice to Rapp of his deposition as required by Fed. R. Civ. P. 30(b). Therefore, the Court will disregard Rapp's mere failure to cooperate in setting a date for his deposition as grounds for a sanction. Instead, the Court relies upon Rapp's failure to provide his discovery responses as expressly ordered by the Court.

The Court has discretion in determining whether to grant a dismissal as a sanction. *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). Where the sanction of dismissal is imposed, the Court's discretion is narrowed and the non-compliant party's conduct "must be due to willfulness, fault, or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th Cir. 1993). But "'disobedient conduct not shown to be outside of the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Id*. at 948 (quoting *Fjelstad v.*

*American Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

Here, since Rapp is proceeding pro se his conduct in failing to respond to discovery is directly attributable only to him, and not to any other individual or representative. Rapp's refusal to provide discovery responses is a result of his own conduct within his own control. Because Rapp has not filed a response to Hampton Inns' motion, Rapp has failed to demonstrate that his conduct was outside of his own control. Thus, the Court finds Rapp's non-compliance was willfull, in bad faith, or due to his own fault.

The Ninth Circuit has identified five factors to consider in determining whether the circumstance of a particular case warrant dismissal as a sanction. The factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Exxon Valdez*, 102 F.3d at 433. *See also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). These five "factors are 'not a series of conditions precedent before the judge can do anything,' but are a 'way for a district judge to think about what to do.'" *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

## A.  <u>Expeditious Resolution</u>

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The district courts are in a superior position to evaluate this factor and to determine when a particular delay interferes with the public's interests. *Id*. (citing *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

Under the circumstances of this case, this factor weighs in favor of dismissal. The record reflects Rapp has filed multiple spurious motions in this case, including unsupported motions for summary judgment, which have only caused undue delay in this case. Due to Rapp's non-compliant litigation conduct and the resulting delays, the Court finds an expeditious resolution by way of a dismissal is now warranted. And in view of Rapp's failure to comply with the Court's November 2, 2018 Order, an expeditious resolution of this matter is in the public's interest.

## B.  <u>Docket Management</u>

Again, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 990). Litigants who do not actively pursue their claims or obey the court's orders disrupt the court's handling of other matters by consuming time and resources needed by other

litigants who are active and compliant. *See Pagtalunan*, 291 F.3d at 642. The court must be able to "manage its docket without being subject to routine noncompliance of litigants[.]" *Id*. (citing *Ferdik*, 963 F.2d at 1261).

Rapp, through his communications with Hampton Inns, has established his inability and unwillingness to comply with the Court's November 2, 2018 Order, or to comply with discovery procedures. Thus, in the interest of judicial economy, the Court's time is better spent on cases in which the litigants are compliant. Therefore, this factor weighs in favor of dismissal.

### C.   <u>Prejudice to Defendants</u>

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987)). Although there are inherent delays in the normal course of litigation, a party's "unreasonable" delay and noncompliance can cause prejudice to the opposing party. *Id*. The law presumes that an unreasonable delay has caused prejudice to the opposing party. *In re Phenylpropanolamine*, 460 F.3d at 1227-28.

Here, prejudice is inherent in the delay caused by Rapp's noncompliance. *See Pagtalunan*, at 643 (finding that stale evidence and faded memories prejudice the litigation). Therefore, the Court finds this factor weighs in favor of a dismissal.

### D.   <u>Less Drastic Alternatives</u>

A court is obligated to consider the impact of a dismissal as a sanction, and the adequacy of less drastic sanctions. *In re Phenylpropanolamine*, 460 F.3d at 1228 (citing *Malone*, 833 F.2d 131-32). A court's "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." *Id.* at 1229 (citations omitted).

The Court provided Rapp an opportunity to respond to Hampton Inns' discovery requests, and indeed the Court ordered him to do so. At this time, and given Rapp's course of conduct in this case, there is no reason to expect Rapp will "respond more satisfactorily to [an additional] round" of opportunities to comply with the Court's Orders than he did the first time. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). The Court is also not required to exhaust all alternative less-drastic sanctions prior to dismissal. *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Finally, the Court's November 2, 2018 Order warned Rapp that this action would be subject to dismissal if he did not comply with discovery proceedings. Therefore, in considering other less drastic alternatives, the Court concludes dismissal is appropriate.

### E.   <u>Disposition on the Merits</u>

Finally, public policy favors the disposition of cases on their merits.

*Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). Regardless of the circumstances of any particular case, this factor will always counsel against dismissal.

## III.   <u>CONCLUSION</u>

Based on the foregoing, although the policy favoring disposition of cases on their merits weighs against dismissal, taken as a whole the remaining factors support the dismissal of this case. Accordingly, IT IS HEREBY RECOMMENDED that this action be DISMISSED pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(1)(A)(i) and (d)(3) due to Rapp's failure to provide responses to Hampton Inns' discovery requires as required by the November 2, 2018 Order compelling his responses pursuant to Rule 37.

Dated this 8th day of January, 2019.

Jeremiah C. Lynch
United States Magistrate Judge